UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MOSHE WEBER,                                               MEMORANDUM & ORDER
                  Plaintiff,
                                                         16-CV-3018 (ILG)
   - against -

PROFESSIONAL CLAIMS BUREAU, INC.,

                  Defendant.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

## INTRODUCTION

      Plaintiff Moshe Weber commenced this action against Professional Claims Bureau, Inc. ("PCB"), the Defendant, seeking damages and declaratory relief for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, and a common law claim for invasion of privacy by intrusion upon seclusion. Pending before the Court is PCB's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which Plaintiff opposes. For the following reasons, as well as those set forth in Jones v. Professional Claims Bureau, No. 16-CV-1250 in which the Complaint is nearly identical to that herein, Defendant's motion is GRANTED.

## BACKGROUND

      Defendant PCB is in the business of collecting debts owed to others. ECF 8, Amended Complaint, ("Am. Compl.") ¶¶ 3, 4. Plaintiff is a New York resident who incurred a debt primarily for personal, family or household purposes. Id. ¶¶ 2, 9. On or about December 30, 2015, PCB mailed a letter to the Plaintiff seeking to recover on the unpaid financial obligation. Id. ¶ 10; ECF 18 Exh. A. The letter begins "THIS ACCOUNT IS SERIOUSLY PAST DUE." ECF 18 Exh. A. As the letter continues, "Payment is expected within 10 days of this notice. If

this account is not resolved we will assume you have no intention of settling this outstanding debt." Id. ¶ 11; ECF 18 Exh. A. Reading this letter caused the Plaintiff to "become extremely upset and disheartened" due to his "extremely difficult financial struggle." Am. Compl. ¶ 14. Plaintiff did not make a payment within 10 days of receiving the letter, and "nothing changed." Id. ¶¶ 12-13.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay a trial—a party may move for judgment on the pleadings." In deciding a 12(c) motion, the Court applies the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6). Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). To survive a 12(c) motion, Plaintiffs must plead "sufficient factual matter, accepted as true" to state a claim that is plausible on its face, from which the Court can draw the reasonable inference that the Defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

### I. The Fair Debt Collection Practices Act

The FDCPA was enacted in response to a "serious national problem" of debt collection abuse, "including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." S. REP. 95-382, 2, 1977 U.S.C.C.A.N. 1695, 1696. The enacted purpose of the statute was to eliminate such "abusive debt collection practices." 15 U.S.C. § 1692(e). In pursuit of its objective, the statute restricts, inter alia, the use of false or misleading representations and the

harassment or abuse of any person in connection with collection of a debt, and broadly prohibits "unfair" and "unconscionable" debt collection practices. See §§ 1692d, 1692e, 1692f.

In analyzing whether a particular communication runs afoul of the FDCPA, courts apply an objective "least sophisticated consumer" standard. Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (citation omitted). In so doing, a defendant's communication is viewed "from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007). "It should be emphasized that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

## II. Plaintiff's Claims

To recover under the FDCPA, a plaintiff must satisfy three threshold requirements: (1) the plaintiff must be a "consumer," (2) the defendant must be a "debt collector;" and (3) the defendant must have committed some act or omission in violation of the FDCPA. Oscar v. Prof'l Claims Bureau, Inc., No. CV11-5319 SJF WDW, 2012 WL 2367128, at *3 (E.D.N.Y. June 1, 2012), report and recommendation adopted, No. CV-11-5319 SJF WDW, 2012 WL 2367136 (E.D.N.Y. June 19, 2012). The parties do not dispute the satisfaction of the first two requirements.

The statute claimed to be offended by the Defendant provides as follows: a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The letter claimed to violate that statute, as reported above, advises, in essence, that Plaintiff's debt is seriously past due, it is important that it be resolved, and it is suggested that he contact the sender

3

by telephone or mail immediately. It goes on to state that it is expected that the debt be paid within 10 days and if it isn't, it will be assumed that he does not intend to resolve it.

Plaintiff submits "there is nothing benign" about this letter. ECF 19 at 9. The perceived "collective urgent tone" of the letter, Plaintiff contends, bears "abusive and oppressive results." Id. at 10. One may understandably question whether the "least sophisticated consumer" would mark the author of that unbenign letter as being abusive, harassing, and coercive; or suggest the 10-day timeframe to respond to the letter is both "false" as well as "set in stone;" that the letter is designed to "<u>force</u>" the recipient into complying with an "imaginary" deadline; or that its mailing was "unjustified." ECF 19 at 9-11.

The plain implication of that recitation of grievances is that a creditor is under some obligation, legal or moral, to negotiate the payment of an undisputed overdue debt before asking that it be paid and in asking, do so apologetically. To paraphrase Justice Breyer, the FDCPA was not intended as a "civility code" for debt collectors. <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) (citing <u>Oncale v. Sundowner Offshore Services, Inc.</u>, 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). The purpose of the FDCPA, in addition to eliminating abusive debt collection practices, <u>was to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged</u>. 15 U.S.C. § 1692(e).

Plaintiff alleges that the Defendant violated § 1692d set out above; § 1692e which prohibits the use of "any false, deceptive, or misleading representations or means in connection with the collection of any debt;" § 1692e(2) which prohibits "the false representation of (A) the character, amount or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;" § 1692(e)5

4

which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken;" § 1692e(7) which prohibits the "false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer;" § 1692e(8) which restricts "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;" § 1692e(10) which operates as a catch-all provision that prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;" and, finally, § 1692f, which presents a non-exhaustive list of conduct deemed to violate the statute.

An examination of all of the proscribed conduct in those subsections convincingly establishes that the collection letter upon which this action is based fits none of them. Although the letter is viewed from the perspective of the least sophisticated consumer, the consumer remains capable of making reasonable and logical inferences. This Defendant is one of those debt collectors who refrains from using abusive debt collection practices, but who is disadvantaged by "judicially developed standards," Jacobson v. Healthcare Fin. Servs., Inc., 434 F. Supp. 2d 133, 138 (E.D.N.Y. 2006), aff'd in part, vacated in part, rev'd in part, 516 F.3d 85 (2d Cir. 2008) (cited with approval by Federal Home Loan Mort. Corp. v. Lamar, 503 F.3d 504, 513-14 (6th Cir. 2007)), which impose liability for violations claimed by debtors such as this one who was "extremely upset and disheartened" which, in the Court's view, is not the natural consequence of being notified by this collection letter that his debt is past due. The FDCPA serves to protect debtors from outrageous conduct, "not from every negative consequence of debt collection." Monahan v. NRA Grp. L.L.C., No. 3:10-CV-00638 JCH, 2011 WL 3901877, at *2 (D. Conn. Sept. 6, 2011).

5

### III. Invasion of Privacy by Intrusion Upon Seclusion

Plaintiff alleges a common law claim for invasion of privacy by intrusion upon seclusion. Am. Compl. ¶¶ 19-24. Neither the Plaintiff nor the Defendant address this cause of action in their memoranda related to the pending Fed. R. Civ. P. 12(c) motion. However, as the Court dismisses all claims arising under the FDCPA, the Court declines to exercise supplemental jurisdiction over the remaining common law claim. See 28 U.S.C. § 1367(c)(3). "[A] district court may forgo exercising supplemental jurisdiction over pendent state law claims if the federal ones are discovered to be patently meritless." Struggs v. City of New York, 146 F.Supp.3d 461 (2015) (citing Dunton v. Suffolk Cnty., 729 F.2d 903, 911).

### CONCLUSION

The FDCPA was designed to prevent harm to the "least sophisticated consumer" by debt collection practices that would be regarded as abusive and unacceptable. It was surely not intended to serve as a legal ATM machine. For the foregoing reasons, Defendants motion for judgment on the pleadings is GRANTED in favor of the Defendant on all FDCPA claims, and the Court declines supplemental jurisdiction over the remaining common law claim.
SO ORDERED.

Dated:      Brooklyn, New York
            July 14, 2017

                                                    /s/
                                            I. Leo Glasser